IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 09-cr-00426-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONALD ROMERO,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on the government's motion in limine [Docket No. 101].[1] The government argues that certain evidence regarding past conduct by the alleged victim in this case should be excluded at trial, contending that "[c]ounsel for the defendant has advised that he will attempt to utilize this information at the trial in this matter." Docket No. 101 at 2, ¶ 3. The evidence could implicate, depending on how the defendant may attempt to introduce it, a number of different evidentiary rules. *See, e.g.*, Fed. R. Evid. 404(a), 404(b), 405. Without knowing how, or even if, the defendant may seek to "utilize" the evidence, however, the Court cannot determine its admissibility at this time. *Cf. United States v. Herder*, 59 F. App'x 257, 263-64 (10th Cir. 2003) (unpublished) (rejecting application of Fed. R. Evid. 405(b) – which permits admission of "specific instances of conduct" when character "is an essential element of a charge, claim, or defense" – to specific acts by the victim in a case where the defendant

---

    [1]The motion is the subject of a pending motion to seal [Docket No. 102].

asserted self defense) (citing, *inter alia*, *United States v. Talamante*, 981 F.2d 1153, 1156 (10th Cir. 1992));[2] Fed. R. Evid. 404(b) (permitting introduction of otherwise inadmissible character evidence that goes to, for example, a person's "state of mind"). Therefore, it is

**ORDERED** that the government's motion in limine [Docket No. 101] is denied without prejudice to the government reasserting an objection at the time defendant seeks to introduce the evidence at trial. It is further

**ORDERED** that the defendant, before attempting to use the evidence subject to the government's motion in limine at trial, shall approach the bench to seek permission to do so.

DATED August 25, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2] The *Herder* court also noted that "Rule 405(a) only permits cross-examination relating to specific instances of conduct when the opposing side introduces evidence regarding the reputation of the witness." *See Herder*, 59 F. App'x at 264 ("The government called the victim . . . to testify about the fight. None of the questions asked related to [her] reputation.").